Filed 11/6/24  P. v. Candler CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B337190 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA032506) |
| v. | |
| KEITH WAYNE CANDLER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hector E. Gutierrez, Judge. Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Keith Wayne Candler appeals from the denial of a petition under Penal Code[1] section 1170, subdivision (d)(1)(A) to recall his sentence and impose a lower sentence. The trial court found defendant ineligible for resentencing because section 1170, subdivision (d)(1)(A) applies to defendants sentenced to life without possibility of parole or its functional equivalent, and defendant in this case was sentenced to life with the possibility of parole.

Defendant's appointed appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) identifying no arguable issues. Defendant has filed a supplemental brief conceding he does not meet the eligibility requirements under section 1170, subdivision (d)(1)(A), but suggests he nonetheless should be entitled to relief under equal protection principles. We disagree, and affirm.

## BACKGROUND

In 1995, a jury found defendant guilty of kidnapping for robbery (§ 209, subd. (b)), second degree robbery (§ 211), and assault with a firearm (§ 245, subd. (a)(2)). As to each count the jury also found true allegations of firearm use under sections 12022, subdivision (a)(1) and 12022.5, subdivision (a).

The trial court sentenced defendant to life for the kidnapping count and added three years for the true finding under section 12022.5, subdivision (a). The court imposed sentences on the other counts and enhancements but stayed the sentences pursuant to section 654.

---

[1] Unspecified statutory references are to the Penal Code.

In 1996, following review of an amenability report prepared by the California Youth Authority, the trial court denied defendant's motion for a new trial and denied probation. The court resentenced defendant to life for the kidnapping count plus four years for the section 12022.5, subdivision (a) enhancement.[2] The court again imposed but stayed sentence on the other counts and enhancements pursuant to section 654.

On October 30, 2023, defendant filed a petition under section 1170, subdivision ((d)(1) and *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*) requesting recall of his sentence and resentencing. In his petition, defendant stated he was 17 years old at the time of his commitment offenses, had been sentenced to seven years to life[3] plus four years, and had been incarcerated for over 29 years. He further stated he had demonstrated remorse and rehabilitation and had not engaged in any of the acts that would exempt him from relief under the statute.

The trial court appointed counsel for defendant and scheduled a hearing on the petition. At the hearing, the prosecutor argued defendant was ineligible for relief because he had been sentenced to seven years to life, which was not a de facto sentence of life without possibility of parole. Defense counsel stated the prosecutor's "points are well taken" and

---

[2] The record does not disclose why the trial court increased the sentence for the firearm enhancement by one year compared to the original sentence. The increase is not material to this appeal.

[3] Defendants sentenced to life are eligible for parole after serving seven years, unless the law applying to their particular circumstances establishes otherwise. (§ 3046, subd. (a).)

submitted.  The trial court agreed with the prosecutor and denied the petition.

Defendant timely appealed.  We appointed counsel, and counsel filed a brief identifying no arguable issues.  We invited defendant to file a supplemental brief, which he did.

## DISCUSSION

Because this is an appeal from postconviction relief, we are not required to conduct an independent review of the record, as we might be in a direct appeal from a criminal conviction. (*Delgadillo, supra*, 14 Cal.5th at pp. 221–222; see *People v. Wende* (1979) 25 Cal.3d 436.)  When a defendant files a supplemental brief, however, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion."[4]  (*Delgadillo*, at p. 232.)

This case concerns a petition under section 1170, subdivision (d), which provides, in relevant part, "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." (§ 1170, subd. (d)(1)(A).)  If the defendant makes certain showings required by the statute, the trial court "shall have the discretion to resentence the defendant in the same manner as if the defendant had not previously been sentenced." (*Id.*, subds. (d)(5) & (7).)

---

[4] We decline to exercise our discretion to conduct an independent review.  (See *Delgadillo, supra*, 14 Cal.5th at p. 230.)

In *Heard*, the Court of Appeal concluded equal protection principles required courts to extend the benefits of section 1170, subdivision (d) to juveniles "sentenced to the functional equivalent of life without parole," in that case a defendant sentenced to 103 years to life.  (*Heard*, *supra*, 83 Cal.App.5th at pp. 614, 626; see *People v. Caballero* (2012) 55 Cal.4th 262, 268 [sentence requiring defendant to serve over 100 years before becoming parole eligible was "functional equivalent of a life without parole sentence"].)

In his supplemental brief, defendant argues that although he was not sentenced to life without possibility of parole, he nonetheless should be entitled to relief under *Heard*.  He contends the "California board of parole members can keep me in prison for my natural life if they choose to."  He further argues that "individuals with more serious crimes such as murder can benefit from [section 1170, subdivision (d)] giv[ing] them a faster way to obtain freedom.  That le[a]ves people in [defendant's] position to deal with unfair [parole] board members who[se] practices ha[ve] been known to deny parole to rehabilitated prisoners and contribute to prison overcrowding."

Although defendant does not use the term, his arguments and reliance on *Heard* suggest he is raising an equal protection challenge.  In such a challenge, " '[t]he general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest.' [Citation.]" (*People v. Williams* (2024) 17 Cal.5th 99, 122 (*Williams*).)  The party challenging the law bears the burden to " ' "show[ ] that no rational basis for the unequal treatment is reasonably conceivable." [Citation.]' . . . [Citation.]" (*Id.* at p. 124.)

Courts have applied this "rational basis" test when evaluating equal protection challenges to statutes affecting parole eligibility. (*See Williams*, *supra*, 17 Cal.5th at pp. 127–128 [concluding "[t]he Legislature could rationally exclude One Strike offenders from early parole under . . . § 3051"].) *Heard* applied that test as well, concluding, "[T]here is no rational basis for making juvenile offenders sentenced to explicit terms of life without parole eligible for resentencing under section 1170, subdivision (d)(1), while denying the same opportunity to juvenile offenders sentenced to terms that amount to the functional equivalent of life without parole." (*Heard*, *supra*, 83 Cal.App.5th at pp. 631–632.)

Defendant was not sentenced to the functional equivalent of life without parole. Defendant was sentenced to seven years to life plus four years, meaning at the time of sentencing, it was possible, indeed probable, he would become eligible for parole within his lifetime. He in fact became eligible for parole sooner than a defendant seeking relief under section 1170, subdivision (d), who must serve 15 years before filing a petition. (§ 1170, subd. (d)(1)(A).)

Defendant does not demonstrate how it is irrational for the Legislature to draw a distinction between those like him whose sentences already permit parole and those like the defendant in *Heard* whose sentence ensured he would not be eligible for parole within a natural lifespan, thus making his sentence the functional equivalent of a life sentence without parole. Defendant therefore fails to show there is no rational basis for the Legislature to exclude him from relief under section 1170, subdivision (d).

6

**DISPOSITION**

The order is affirmed.
NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.

7